IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELVIN PAIGE, R15339,            )
                                 )
         Petitioner,             )     No. 13 C 5092
    v.                           )
                                 )     Judge Robert W. Gettleman
RICK HARRINGTON, Warden, Menard  )
Correctional Center,             )
                                 )
         Respondent.             )

**MEMORANDUM OPINION AND ORDER**

Petitioner Melvin Paige has filed a pro se petition for habeas corpus relief pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. For the reasons discussed below, the habeas petition is denied, and the court declines to issue a certificate of appealability.

**BACKGROUND**

In 1999, petitioner, who was sixteen years old, murdered Emil Mennes, an elderly man who lived in the same condominium complex as petitioner in Palatine, Illinois. Petitioner had entered Mennes' condominium through an unlocked front door and stabbed Mennes to death with a letter opener. Before leaving, he took Mennes' rosary with a silver cross. Petitioner confessed to the crime, stating that he murdered Mennes because he had looked at him in a "disrespectful" way earlier that day. A jury in Cook County, Illinois found petitioner guilty of first-degree murder, home invasion, and residential burglary. He was sentenced to fifty years imprisonment for murder, twenty-five years for home invasion, and fifteen years for residential burglary. The latter two sentences were imposed consecutive to each other and concurrent with the murder sentence.

Petitioner then filed an appeal, arguing, among other things, that Illinois' Truth-in-Sentencing Statute, 730 ILCS 5/3-6-3(a)(2)(I), violates due process because it fails to account for the potential rehabilitation of minors. The Illinois Appellate Court vacated petitioner's residential burglary conviction but affirmed the rest of the judgment. Petitioner then petitioned for leave to appeal (PLA) in the Illinois Supreme Court but dropped the Truth-in-Sentencing claim from his argument.[1] On March 5, 2005, the Illinois Supreme Court denied the PLA.

In March 2005, petitioner filed a pro se post-conviction petition in the Circuit Court of Cook County. Petitioner argued that the trial court did not properly consider multiple victim-impact statements at sentencing, and that his trial and appellate counsel were ineffective because they did not object and raise the issue on appeal. The trial court dismissed the post-conviction petition. Petitioner appealed, and the state appellate court dismissed the appeal. The Illinois Supreme Court vacated the state appellate court's order and remanded the petition to the trial court for further proceedings.

On remand, the trial court again denied post-conviction relief. Petitioner appealed, and his counsel filed a motion to withdraw under Pennsylvania v. Finley, 481 U.S. 551 (1987), which the state appellate court granted. The court then affirmed the trial court's denial of relief. Petitioner did not file a PLA to the Illinois Supreme Court for review of the state appellate court's decision on post-conviction relief.

On July 16, 2013, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising one claim: that the Illinois Truth-in-Sentencing statute violates

---

[1] Petitioner argued that the trial court erred in finding that petitioner waived his Miranda Rights and that the trial court erred in ignoring petitioner's post-trial allegations that his counsel was ineffective.

petitioner's due process rights because it does not take into account the potential for juvenile offenders' rehabilitation.

## LEGAL STANDARD

### I. Procedural Default

A petitioner must exhaust his or her available remedies in state court before filing an application for a federal writ of habeas corpus. 28 U.S.C. § 2254(b); Harrington v. Richter, 131 S.Ct. 770, 787 (2011); Rose v. Lundy, 455 U.S. 509, 510 (1982). If a petitioner has not exhausted his or her state claims properly at each state court level, then the claim is procedurally defaulted. Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004). A petitioner must first provide state courts with " a *fair* opportunity to act on [the petitioner's] claims." O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (emphasis in original).

In order to meet the exhaustion requirement in Illinois, a petition for discretionary review of the claim must come before the Illinois Appellate Court and the Illinois Supreme Court. See id. at 845. If the petitioner did not present his or her claim in a petition for discretionary review to both courts, then the claim is procedurally defaulted and cannot be decided on the merits. Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999).

A federal court may entertain a procedurally defaulted claim if the petitioner shows cause and prejudice, or that failure to review the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To demonstrate cause and prejudice, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). These objective factors include "interference by officials that makes compliance with the State's

procedural rule impracticable. . . a showing that the factual or legal basis for a claim was not reasonably available to counsel," and "ineffective assistance of counsel." McCleskey v. Zant, 499 U.S. 467, 494 (1991) (quoting Murray, 477 U.S. at 488). Typically, those who suffer a fundamental miscarriage of justice will satisfy the cause and prejudice test. Murray, 477 U.S. at 495-496. Yet, in cases where cause and prejudice standards are not met, a petitioner may show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496. Petitioner must then show that no reasonable juror would have found him guilty but for the alleged error. Bolton v. Akpore, 730 F.3d 685, 697 (7th Cir. 2013).

**II. 28 U.S.C. § 2254**

The AEDPA governs this petition and protects against "extreme malfunctions" in state court. Harrington, 131 S.Ct. at 786. It allows federal courts to issue a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Harrington, 131 S.Ct. at 783. Federal courts do not grant habeas relief based on state law errors. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984).

## DISCUSSION

Petitioner argues that the Illinois Truth-in-Sentencing statute, 730 ILCS 5/3-6-3(a)(2)(i), which prohibits a prisoner serving a sentence for first degree murder from receiving sentence credit for good behavior and requires the prisoner serve the full sentence, violates his due

4

process rights because the statute does not consider the potential rehabilitation of juvenile offenders. For this court to review the merits of the claim, petitioner must show that his claim has not been procedurally defaulted.

Petitioner's claim is procedurally defaulted because he did not properly present his claim for review to the Illinois Supreme Court. For petitioner to have fairly presented his claim to this court, he must have presented his claim in a petition to appeal to both the Illinois Appellate Court and the Illinois Supreme Court. Petitioner appealed to the Illinois Appellate Court, arguing that Illinois' Truth-in-Sentencing violated due process because it does not take into account the possibility of a juvenile offender's promise for rehabilitation. Once the Appellate Court denied his appeal, petitioner opted not to include this claim in a PLA to the Illinois Supreme Court. Petitioner instead argued two issues unrelated to the Truth-in-Sentencing claim. As a result, the failure to include the Truth-in-Sentencing claim or any arguments that relate to this claim in the PLA bars petitioner from federal habeas review.

Further, petitioner did not raise his Truth-in-Sentencing claim in his post-conviction appeals, which instead focused on other alleged errors. Because petitioner did not bring his Truth-in-Sentencing claim in both the Illinois Appellate and Supreme Court, or in his post-conviction appeals, petitioner's claim is procedurally defaulted on federal habeas review.

In his reply, petitioner asks this court to excuse procedural default because he argues the Supreme Court's holding in <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), retroactively affects his "substantive procedural due process rights." Accordingly, petitioner argues that because the Supreme Court did not decide <u>Miller</u> until seven years after he filed his PLA, he could not bring

his argument before the Illinois Supreme Court. Thus, the nonexistence of a constitutional rule at the time of his PLA is cause for his procedural default.

For procedural default to be excused, petitioner needs to establish "cause for his state-court default . . . and prejudice therefrom" or actual innocence. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Petitioner can establish cause for procedural default "by showing that some type of external impediment prevented the petitioner from presenting his claim." Richardson v. Lemke, 745 F.3d 258, 272 (7th Cir. 2014). These external impediments can include a factual or legal basis unavailable to counsel at the time, or official interference, which made compliance with state's procedural rule unfeasible. Murray v. Carrier, 477 U.S. 478, 488 (1986).

Petitioner argues that Miller demonstrates that certain sentences for juveniles violate due process, including sentences without credit for good behavior under the Illinois Truth-in-Sentencing statute. Petitioner, therefore, asks this court to apply the new rule in Miller and grant federal habeas review of his claim because Miller was "a factual or legal basis unavailable" at the time petitioner filed his PLA to the Illinois Supreme Court without his Truth-in-Sentencing claim. Respondent, conversely, challenges the applicability of Miller to petitioner's claim. Respondent further addresses the applicability of other relevant recent Supreme Court precedents discussing the Eighth Amendment, including Roper v. Simmons, 543 U.S. 551 (2005), and Graham v. Florida, 560 U.S. 48 (2010).

Miller holds that mandatory life sentences for juveniles without possibility of parole violate the Eighth Amendment. 132 S. Ct. at 2464. Roper holds that Eighth and Fourteenth Amendments prohibit the imposition of the death penalty for offenders under the age of eighteen.

543 U.S. at 578. Graham holds that the Eighth Amendment prohibits a life sentence without parole for juveniles who commit crimes other than homicide. 560 U.S. at 82.

No existing Supreme Court precedent is applicable to the instant petition for federal habeas review. Here, petitioner has not been sentenced to a mandatory life sentence, a sentence of death or a life sentence without parole. Neither Miller, Roper, Graham, nor any other Supreme Court case establishes a rule that forbids long sentences for juveniles convicted of homicide without credit for good behavior. Thus, these cases have not created a rule or claim unavailable to petitioner at the time he filed his PLA that provide "cause" to excuse the procedural default. Potentially, Miller could have made petitioner's claim stronger, but making a claim less difficult to argue does not show "cause". See Smith v. Murray, 477 U.S. 527, 537 (1986) ("the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all."); Richardson v. Lemke, 745 F.3d 258, 274 (7th Cir. 2014) (stating that even though a new Supreme Court rule made a pre-existing constitutional claim "substantially less difficult to prove," it was not cause to excuse a procedural default). These cases, in particular Miller, are not applicable to this habeas claim, and petitioner has not shown cause for this court to entertain the procedurally defaulted claim.[2]

Petitioner has presented no other reasons to excuse procedural default. Because petitioner has not shown cause and prejudice or actual innocence, his procedural default cannot be excused and the court cannot address his claim.

---

[2] Because Miller does not apply to this case, this court need not discuss whether Miller, as a new rule, can be applied retroactively under Teague v. Lane, 489 U.S. 288 (1989).

7

**II. Certificate of Appealability**

Under 28 U.S.C. § 2253(c), a petitioner may take his or her claim before the court of appeals only if a district court issues a certificate of appealability. For a district judge to grant the certificate, the petitioner must show a substantial denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This includes "showing that reasonable jurists could debate whether . . . the petitioner should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If the district court rejects the constitutional claims on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Further, if "the district court denies the habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim," the court should issue a certificate of appealability only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Here, this court concludes that: (1) petitioner procedurally defaulted his claim because he did not include the claim in his petition for leave to appeal to the Illinois Supreme Court; (2) petitioner has not shown, through his argument that Miller applies retroactively, cause and prejudice or a fundamental miscarriage of justice to excuse the procedurally defaulted claim; and (3) petitioner has not shown that reasonable jurists would find the district court's decision on the constitutional claim debatable or wrong.

## CONCLUSION

For the reasons discussed above, the petition for writ of habeas corpus is denied. The court declines to issue a certificate of appealability.


**ENTER:**     **July 23, 2014**

                                                                _____
                                                                **Robert W. Gettleman**
                                                                **United States District Judge**